UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In re:                                                                                                  In Proceedings Under Chapter 13
Caassandra J. Grueneberg, Debtor                                          Case No. 3-14-13269-RDM

## NOTICE AND OBJECTION TO MOTION FOR RELIEF FROM STAY

Now comes the Debtor, Caassandra J. Grueneberg, by and through her attorney, Matthew R. DeMark, objecting to the Motion for Relief from Stay in regards to the property located at 5519 Milwaukee St, McFarland, Wisconsin, filed by Attorney Jay Pittner on behalf of on behalf of MTGLQ Investors, L.P.., a successor to Wells Fargo Bank, for the following reason:

(1) The Court entered an Order dated November 4, 2014 confirming the Debtor's Chapter 13 Plan, which provides for disbursement by the Trustee of current monthly payments for the mortgage held by Wells Fargo Bank regarding the property located at 5519 Milwaukee St., McFarland, Wisconsin; (2) The Debtor is current to date on all Trustee payments; (3) The Movant has failed to account for direct payments received from the debtor early in the case, as well as payments received from the Trustee to the mortgage lender since the filing of the petition; (4) No post-petition default exists and the Movant is in error; (5) The Movant, despite multiple telephone, fax and written communications from the Trustee and the Debtor since the filing of the Petition, has failed to file a Proof of Claim in the case or otherwise respond to reasonable requests for information regarding the Movant's loan and Debtor's pre-petition deficiency; (6) As a condition for the Trustee recommending Debtor's plan for confirmation, Debtor's Counsel was required to file a Proof of Claim on behalf of the Movant, based on estimated figures from a credit report and county foreclosure case file, as a condition to recommending Debtor's plan for confirmation, due to the Movant's negligent failure to participate in the Chapter 13 case after due notice; (7) Any post-petition deficiency, if one exists, is not the fault of the Debtor, who has made all required monthly trustee payments and complied with all requirements of

the Bankruptcy Code; (8) The Debtor filed her Chapter 13 Petition in good faith and intends to fully prosecute the case.

WHEREFORE, the Debtor prays for denial of the Motion For Relief From Stay or withdrawal of the Motion by stipulation or an appropriate order, that the Court schedule a hearing upon the Motion, and any other relief that the Court deems just and proper under the circumstances.

Dated: December 3, 2015                    /s/ Matthew R. DeMark
                                           Debtor's Counsel

## CERTIFICATE OF SERVICE

STATE OF WISCONSIN, WAUKESHA COUNTY   }   ss.

I, Matthew R. DeMark, an attorney, states under oath that he is the Debtor's Counsel of Record at the office of Riverwood Legal and Accounting Services, S. C., N19 W24200 Riverwood Drive, Suite 150, Waukesha WI 53188-1193 and that on the 3rd day of December, 2015, he served a copy of the Objection to Motion for Relief From Stay to the following parties by the methods proscribed:

Mark Harring, Chapter 13 Standing Trustee
131 W. Wilson Street, Suite 1000
Madison, WI 53703-3260                     (Served via ECF Electronic Notice)

Office of the U. S. Trustee                (Served via ECF Electronic Notice)

Jay Pittner, Gray & Associates,
Counsel of Record for the Movant,
MTGLQ Investors, L.P..,
A Successor to Wells Fargo Bank            (Served via ECF Electronic Notice)

Dated: December 3, 2015                    /s/ Matthew R. DeMark

Matthew R. DeMark, Debtor's Counsel
Riverwood Legal & Accounting Services, S. C.
N19 W24200 Riverwood Drive, Suite 150, Waukesha, WI 53188
Phone: 262-446-8145 – Fax: 262-446-8135 – Email: matt@riverwoodlas.com